# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Bernis Midkiff, ) | |
| ) | C/A No. 8:19-cv-0077-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on pro se Petitioner James Bernis Midkiff's ("Midkiff") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. The magistrate judge filed a Report and Recommendation ("Report") recommending that Respondent's petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 7 at 11). Midkiff subsequently filed objections to the Report. (ECF No. 10).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

1

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Midkiff filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. Background/Procedural History

In her Report, the magistrate judge summarized the procedural history and background, and Midkiff did not object to that portion of the Report. (ECF No. 7 at 1-3). Briefly, on April 10, 2007, Midkiff was convicted by a jury in the United States District Court for the Western District of Louisiana on multiple charges, including conspiracy to distribute methamphetamine (Count 1); three counts of attempting to manufacture methamphetamine (Counts 2, 6 and 10); two counts of possessing of a firearm in furtherance of a drug trafficking crime, including the conspiracy alleged in Count 1, in violation of 18 U.S.C. § 924(c) (Counts 3 and 8); and two counts of possessing of a firearm by a convicted felon (Counts 4 and 9). *Id*. at 1; (ECF No. 1-1 at 2, 10-23).

On October 4, 2007, Midkiff was sentenced to a term of imprisonment of 168 months as to Counts 1, 2, 6, 7, and 10 of the superseding indictment, to run concurrently with each other; a term of imprisonment of 60 months as to Count 3 of the superseding indictment alleging possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c), to run consecutively with the other counts; and a term of imprisonment of 300 months as to Count 8 of the superseding indictment—the second § 924(c) count—to run consecutively with the other counts. (ECF Nos.

1-1 at 2; 7 at 2). Accordingly, Midkiff received a sentence imposing a total term of imprisonment of 528 months. *Id*.

On January 26, 2017, the sentencing court amended Midkiff's sentence under 18 U.S.C. § 3582, reducing the 168-month term of imprisonment as to Counts 1, 2, 6, 7, and 10 to 135 months, but leaving the 60-month term of imprisonment as to Count 3 and the 300-month term of imprisonment as to Count 8 unchanged. (ECF Nos. 1-1 at 2 n.1; 7 at 2). Therefore, Midkiff's total term of imprisonment was reduced to 495 months.

On February 3, 2010, the United States Court of Appeals for the Fifth Circuit affirmed Midkiff's conviction and found no error in his sentence. *See United States v. Jackson*, 596 F.3d 236, 243-45 (5th Cir. 2010). The United States Supreme Court subsequently declined to issue a writ of certiorari. *Midkiff v. United States*, 559 U.S. 1082 (2010).

Midkiff's § 2255 Motion

On February 3, 2011, Midkiff filed a § 2255 motion, seeking relief based on multiple grounds: ineffective assistance of trial counsel, denial of due process, inappropriate sentencing, and ineffective assistance of appellate counsel. (ECF Nos. 1 at 4; 1-1 at 3; 7 at 3). Midkiff's § 2255 motion was denied on July 26, 2011. *United States v. Midkiff*, No. 1:05-cr-10022-01, 2011 WL 3328525 (W.D. La. June 15, 2011), *Report and Recommendation adopted by* 2011 WL 3328506 (W.D. La. July 26, 2011).

Midkiff subsequently filed a motion with the Fifth Circuit Court of Appeals for permission to file a second or successive § 2255, arguing that his "consecutive sentences were improper because the § 924(c) convictions were erroneously linked to the same drug conspiracy offense rather than to separate drug trafficking offenses" as required by governing Fifth Circuit precedent. (ECF No. 1-1 at 24). On December 7, 2108, the Fifth Circuit denied Midkiff's request, concluding

3

that the decisions he relied upon, including *United States v. Riggins*, 524 Fed. App'x 123, *7 (5th Cir. 2013), did not "announce[] a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review." *Id*.

Midkiff's Present Action

Midkiff now seeks habeas relief from his second § 924(c) conviction on Count 8 of the superseding indictment and the resulting 300-month sentence pursuant to 28 U.S.C. § 2241. (ECF Nos. 1 at 1 and 9).[1] Midkiff contends that the law has changed since his sentencing in 2007 and now makes clear that his two § 924(c) charges were impermissibly linked to the same drug conspiracy offense. (ECF No. 1-1 at 4-5). As he did when he petitioned the Fifth Circuit—unsuccessfully—for permission to file a second or successive § 2255, Midkiff argues that *Riggins* announced a new rule of law that in order "'to avoid violating double jeopardy principles each firearms offense must be sufficiently linked to a separate drug trafficking offense to prevent two convictions under § 924(c) on the same drug offense.'" *Riggins*, 524 Fed. App'x at *7 (quoting *United States v. Privette*, 947 F.2d 1259, 1262–63 (5th Cir. 1991)). Midkiff argues that his 300-month sentence for a second § 924(c) conviction—*i.e.*, his conviction as to count eight (8)—is now unconstitutional and must be vacated. (ECF No. 1-1 at 5).

The magistrate judge correctly noted that Midkiff cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is inadequate or ineffective. *See* 28 U.S.C. §

---

[1] On the first page of his petition, Midkiff indicates this § 2241 petition challenges his conviction *and* the related sentence. (ECF No. 1 at 1). His argument, however, appears to be directed only at his sentence. (ECF No. 1-1 at 4). The court, out of an abundance of caution, will treat this petition as challenging his conviction and sentence. In either event, the court's analysis and conclusion in this matter would be the same.

4

2255(e). Applying the test articulated by the Fourth Circuit in *United States v. Wheeler*, 885 F.3d 415 (4th Cir. 2018), the magistrate judge determined that Midkiff could not satisfy the § 2255(e) savings clause based on *Riggins* because that decision did not set forth a new rule of law but rather "reaffirmed precedent in existence well before [Midkiff's] conviction, sentence, and § 2255 motion." (ECF No. 7 at 9).

Midkiff also argues that the court must entertain the merits of his § 2241 petition in light of The First Step Act, which Congress enacted on December 21, 2018. (ECF No. 1-1 at 7). The magistrate judge rejected this argument as well, concluding that "while the substantive law under which [Midkiff] was sentenced has changed, that change was not made retroactive as required under *Wheeler*." (ECF No. 7 at 9-10). Accordingly, based on her conclusion that Midkiff failed to demonstrate that a motion filed under § 2255 would be inadequate or ineffective to test the legality of his sentence and conviction, the magistrate judge concluded that the court is without jurisdiction to consider Midkiff's § 2241 petition and recommended that it be dismissed without prejudice and without requiring the Respondent to file an answer or return. *Id*. at 10-11.

Midkiff filed objections to the Report. (ECF No. 10). As discussed briefly below, the court overrules these objections.

## II. Discussion

### A. Fifth Circuit's *Riggins* Decision

First, Midkiff objects to the conclusion of the magistrate judge that he cannot satisfy the savings clause by relying on *Riggins*. (ECF No. 10 at 1). As an initial matter, the court finds that this objection is general and conclusory in nature and that de novo review is therefore unnecessary. *See Orpiano*, 687 F.2d at 47 ("Courts have ... held de novo review to be unnecessary in ... situations when a party makes general and conclusory objections that do not direct the court to a specific

5

error in the magistrate's proposed findings and recommendations."). However, even if the court were to conduct a de novo review, it would conclude that the magistrate judge's analysis was proper.

In order to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
(2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). In evaluating the substantive law in a savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 300-01 (4th Cir. 2019). The Western District of Louisiana, where Midkiff was convicted, is within the Fifth Circuit. *See* 28 U.S.C. § 41. Therefore, while the court must apply the *In re Jones* procedural standard, it must do so using Fifth Circuit substantive law. *Id.*

In *Wheeler*, the Fourth Circuit extended *Jones* to challenges of "fundamental sentencing errors." *Wheeler*, 886 F.3d at 428. In doing so, the Fourth Circuit set forth a savings clause test for when a petitioner challenges his sentence. *Id.* at 429. Accordingly, pursuant to *Wheeler*, a § 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
(2) subsequent to a petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.*

As stated above, the court construes the Midkiff's petition as a challenge to both his conviction and sentence. In challenging both a conviction and a sentence, a petitioner must initially show that there was a change in the substantive law after his conviction or sentence that has affected the legality of his conviction or sentence. *See Jones*, 226 F.3d 328, 333–34; *Wheeler*, 886 F.3d at 429. The magistrate judge correctly concluded that *Riggins*—the precedent upon which Midkiff relies—did not effect change in the substantive law concerning whether multiple § 924(c) charges can be predicated upon a single drug conspiracy charge. *Riggins*, an unpublished decision, simply relied upon existing circuit precedent, quoting *United States v. Privette*, 947 F.2d 1259, 1263 (5th Cir. 1991), verbatim:

> In *United States v. Privette*, we held "that to avoid violating double jeopardy principles each firearms offense must be sufficiently linked to a separate drug trafficking offense to prevent two convictions under § 924(c) on the same drug offense." 947 F.2d 1259, 1262–63 (5th Cir.1991). Here, both firearms offenses were linked to the same drug trafficking offense charged in Count 2, so multiple punishment is improper. *Id*. at 1263.

*Riggins*, 524 F. App'x at *7. Because Midkiff cannot show that, subsequent to his direct appeal and first § 2255 motion, the substantive law changed, the magistrate judge properly determined that Midkiff failed to meet the requirements of the savings clause. The objection is therefore overruled.[2]

---

[2] The magistrate judge also noted that Midkiff's case is distinguishable from *Riggins* and *Privette* because, unlike those two cases, each § 924(c) charge in Midkiff's case "was tied to a specific drug trafficking offense, and not simply to the conspiracy charge." (ECF No. 7 at 8). Midkiff objects to this observation as well. (ECF No. 10 at 2). The court need not address this issue, however, as it is unrelated to whether *Riggins* changed the substantive law.

### B. The First Step Act

Midkiff also objects to the magistrate judge's conclusion that the substantive changes in the law made by The First Step Act were not retroactive as required by *Wheeler*. (ECF No. 10 at 2-7). In her Report, the magistrate judge noted that The First Step Act, which was signed into law on December 21, 2018, amended the language of 18 U.S.C. § 924(c)(1)(C) to eliminate the practice of "stacking multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i)" and allow "the enhanced mandatory minimum . . . only if the prior qualifying § 924(c) conviction was final under a prior conviction." (ECF No. 7 at 9). *See, e.g.*, *Richmond v. Burnhart*, No. 6:19-cv-064-REW, 2019 WL 2127304, at *3 (E.D. Ky. May 15, 2019) ("[Petitioner] is correct that the First Step Act amended § 924(c)(1)(C) to allow stacking only where a prior conviction was final."). The magistrate judge recognized that Midkiff "was sentenced under the old version of the statute, meaning that his conviction for the first § 924(c) charge at Count 3 could qualify as a predicate conviction for the second § 924(c) charge at Count 8, triggering the mandatory minimum penalty of 25 years under § 924(c)(1)(C)(i)." (ECF No. 7 at 9). However, as the magistrate judge concluded, the plain language of The First Step Act made clear that it does not apply retroactively. *Id.* at 10; *see* First Step Act of 2018 § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *see also United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *Richmond*, 2019 WL 2127304, at *3. Therefore, Midkiff cannot satisfy Wheeler's requirement that he demonstrate that the "substantive law changed and was deemed to apply retroactively on collateral review." 886 F.3d at 429.

In support of his argument in favor of retroactive application of the foregoing provisions of The First Step Act, Midkiff cites various precedents that are inapposite and urges the court to disregard a clear statutory directive for legislative history. This the court cannot do. *See Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."). Having carefully considered the legal authority offered by Midkiff in support of his argument, the court overrules this objection as well.[3]

### III. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 7) and incorporates it herein. Accordingly, having concluded that it lacks jurisdiction, the court dismisses Midkiff's § 2241 petition without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 3, 2019

---

[3] While the court has ruled that The First Step Act did not retroactively change the law regarding Midkiff's § 924(c) convictions or the resulting sentences for purposes of satisfying the savings clause under the *Wheeler* test, this order does not address Midkiff's right to file any stand-alone motion pursuant to the First Step Act with the sentencing court.